WHITE *v.* WHITE.

1. DIVORCE—RECONCILIATION—CUSTODY OF CHILDREN.

Stipulation looking toward a reconciliation cannot be considered as an application to set aside decree of absolute divorce whereby parties seeking the order were merely authorized thereby to remove the children to a different community for the purpose of establishing a home and it provided that all other orders of the court were to remain in effect until the parties remarried (CL 1948, § 552.9).

2. SAME—JURISDICTION.

Decree of divorce became final where no petition to set aside the divorce was filed while it was interlocutory, hence, dismissal of subsequent bill for divorce by trial court in another county for lack of jurisdiction was proper as the parties were already divorced (CL 1948, § 552.9).

3. SAME—COSTS.

No costs are awarded upon affirmance on wife's appeal from decree of the trial court dismissing her bill of complaint for divorce.

Appeal from Genesee; Roth (Stephen J.), J. Submitted April 6, 1954. (Docket No. 7, Calendar No. 45,940.) Decided June 7, 1954. Rehearing denied September 8, 1954.

Bill by Ann Katherine White against Peter J. White for divorce. Motion to dismiss for lack of jurisdiction, arising from claimed reconciliation during period when decree in previous case was interlocutory. Case dismissed. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Divorce § 458.
[2] 17 Am Jur, Divorce § 489.
[3] 17 Am Jur, Divorce § 581.

*Andrew J. Transue,* for plaintiff.

*John L. Roach* (*Richard C. Fruit,* of counsel), for defendant.

Sharpe, J. This is an appeal from an order dismissing plaintiff's bill of complaint for a divorce for the reason as stated by the trial judge, that the court did not have jurisdiction of the subject matter or the parties. The essential facts are not in dispute. The parties were married November 9, 1943. To this marriage 2 children were born. On December 12, 1950, a decree of divorce was granted Peter J. White by Circuit Judge Max E. Neal of Lake county. Defendant in that suit, plaintiff in the instant case, Ann Katherine White, was given the custody of the 2 children. Before the decree became final by reason of CL 1948, § 552.9 (Stat Ann 1953 Cum Supp § 25.89), Ann Katherine White went through a marriage ceremony with Clarence E. Wallace. On April 11, 1951, a stipulation was entered into and an order was entered on April 21, 1951, granting custody of the children to Peter J. White. On May 16, 1951, the circuit court for Lake county entered an order which reads as follows:

"The parties in the above entitled cause having appeared before the court at chambers and represented that they desire to seek a reconciliation of their differences with thought of remarrying in the near future and desiring to remove from the village of Baldwin where the plaintiff has resided for some months past and the defendant previous thereto and request that they may have the privilege of removing said children to the city of Detroit or that vicinity for the purpose of establishing a residence therein;

"And it appearing to the court that it is for the best interest of the children that these parties be reconciled, if possible;

"Now therefore it is hereby Ordered that the said

plaintiff or the said defendant may have the right and privilege of removing said children to the city of Detroit or its vicinity for the purpose of establishing a home therein and such removal shall not be considered a violation of any of the orders and decrees of this court heretofore made in respect to the custody of the children and said former orders and decrees shall remain in full force and effect except as hereinabove modified and until said parties remarry, or until the further ORDER of the court.

"(s) MAX E. NEAL,
Circuit Judge.

"This order has been made at my request and I hereby approve the same.

"(s) PETER J. WHITE.

"I have joined Mr. White in the request for this order and hereby approve the same.

"(s) ANN WHITE."

Following the entry of the above order the parties moved to Detroit, Michigan, and apparently resumed marital relations. On July 19, 1951, plaintiff, Ann Katherine White, separated from defendant and again went through a marriage ceremony with Clarence E. Wallace and lived with him until August 28, 1952, at which time she was informed by her attorney that she was still the wife of Peter J. White and that she should no longer live with Clarence E. Wallace as husband and wife.

On September 2, 1952, plaintiff filed a bill of complaint for a divorce in Genesee county against defendant in which she alleged that prior to 6 months from the entry of the decree in Lake county the parties resumed marital relations. Plaintiff also charged that defendant was guilty of extreme and repeated cruelty. On September 17, 1952, defendant filed a motion to dismiss plaintiff's bill of complaint for want of jurisdiction.

"That this honorable court is without jurisdiction in said cause, inasmuch as a decree of divorce was

granted as between the above parties by the Honorable Max E. Neal, circuit judge in the circuit court for the county of Lake, Michigan, on or about December 6, 1950, which said decree was amended on the 26th day of April, 1951. That said decree and amendment thereto is in full force and effect and has not been vacated by proceedings taken in said court, so your petitioner is informed and believes.

"Further, that it is admitted in plaintiff's bill of complaint that said plaintiff, Ann Katherine White, remarried after the decree rendered by Circuit Judge Max E. Neal, aforesaid, had become final. Further, that this motion is based on the files and records in the above cause and on the files and records in the files and records [*sic?*] of the cause of action in the circuit court for Lake county, Michigan, above referred to."

On December 5, 1952, plaintiff filed an amended bill of complaint which contains the following:

"That on the 18th day of May, 1951, at the Fort Shelby Hotel in the city of Detroit, Michigan, where the parties were registered with their children, the defendant Peter J. White asked the plaintiff to resume full marital relations with him and did at that time and place have sexual relations with the plaintiff. And that the parties did establish a home together with the children of the parties in the city of Detroit, county of Wayne, and State of Michigan, and lived together as husband and wife from the 18th day of May, 1951, until the 19th day of July, 1951. and that the full marriage relations were resumed by the parties prior to 6 months from the entry of the decree of divorce above referred to and 2 days after the order for reconciliation as shown by exhibit 'E' was made and stipulated to."

The bill of complaint and amended bill of complaint and defendant's motion to dismiss were argued before the court. On February 10, 1953, the court entered an order dismissing the cause of action for

lack of jurisdiction. Plaintiff appeals and urges that the decree of the Lake county court was void because the parties became reconciled before the decree became final.

It is to be noted that no steps were taken in Lake county to set aside or void the decree of divorce granted December 12, 1950. The order entered in Lake county on May 16, 1951, provided that all orders and decrees, including the divorce decree, shall remain in full force and effect except as modified until the further order of the court.

The Lake county divorce was granted by virtue of CL 1948, § 552.9 (Stat Ann 1953 Cum Supp § 25.89). It is to be noted that under the above statute there is no express authority to set aside a divorce decree as is provided in the so-called bed and board statute, CL 1948, § 552.43 (Stat Ann § 25.119). We are not called upon to decide that question as the stipulation signed on April 11, 1951, cannot be considered as an application to set aside the divorce decree. The decree of divorce became final in Lake county prior to the time of filing the bill of complaint in Genesee county. It follows that the trial court was correct in dismissing plaintiff's bill of complaint, as the parties were already divorced when plaintiff filed her bill of complaint. The decree of the circuit court is affirmed, but without costs.

BUTZEL, C. J., and CARR, BUSHNELL, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.